In the Matter of ERNEST A. SANTORO, Respondent, v. STANLEY W. KEMPNER et al., Constituting the Board of Zoning Appeals of the Town of Harrison, et al., Appellants.— In a proceeding pursuant to CPLR article 78 to annul a determination of the Board of Zoning Appeals of the Town of Harrison denying petitioner's application for an area variance in the town's zoning ordinance, the members of the board and its building inspector appeal from a judgment of the Supreme Court, Westchester County, entered December 1, 1965, which annulled the determination and directed the issuance of an appropriate building permit to petitioner. Judgment affirmed, without costs. No opinion. Christ, Acting P. J., Brennan, Hill and Rabin, JJ., concur; Hopkins, J., dissents and votes to reverse the judgment and to confirm the determination of the Zoning Board.

THOMAS LUCAS, Respondent, v. JOHN GOREY, JR., et al., Defendants, and REYEM ASSOCIATES, INC., Appellant.— In an action to recover damages for personal injuries sustained in an automobile accident, defendant Reyem Associates, Inc., appeals from an order of the Supreme Court, Kings County, entered March 1, 1966, which granted plaintiff's motion for a special preference in trial pursuant to CPLR 3403 and set the case down on the Ready Day Calendar for a specified date. Order reversed, without costs, and motion denied, without prejudice to a renewal on proper papers showing medical proof that plaintiff's physical condition at the time of the making of the motion is such as to prevent him from obtaining employment by reason of the injuries, and corroborative proof as to the claim of destitution. In our opinion, it was an improvident exercise of discretion to grant a preference based upon a hospital record and an X-ray report dated nine months earlier, without any medical proof that the present physical condition is the same as the earlier condition, and that by reason thereof plaintiff is unable to gain employment (*Dodumoff* v. *Lyons*, 4 A D 2d 626). We are further of the opinion that the showing of destitution was insufficient to warrant the granting of the preference (*Jones* v. *Schumer*, 20 A D 2d 650; *Mullally* v. *Cornish*, 1 A D 2d 1034). Beldock, P. J., Ughetta, Brennan, Hopkins and Benjamin, JJ., concur.